No. 24,766.

## J. M. HATFIELD et al., Partners, etc., *Appellees*, v. R. C. TUCKER et al., *Appellants*.

### SYLLABUS BY THE COURT.

1. PARTNERSHIP—*Action for Accounting—Receiver—Dissolution of Partnership—Sale of Partnership Property.* In a suit between partners for an accounting, for a sale of the partnership property, and a dissolution of the partnership, a sale of the partnership property under an order of the court is for the purpose of converting the property into cash that it may be distributed.

2. SAME—*Order of Sale of Assets—Did Not Include Sale of Cash on Hand.* In such a suit, where a receiver has been appointed and has collected money due the partnership, an order of the court for the sale of the property and assets of the partnership will not include the money in the hands of the receiver, unless it is clear from the wording of the court's order that it was so intended.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed February 9, 1924. Affirmed.

*A. L. Billings,* of Independence, for the appellants.

*Thomas E. Wagstaff,* of Independence, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is a suit in accounting. J. M. Hatfield and his son on the one part, and R. C. and Otto Tucker on the other part, were partners engaged in the business of taking mineral leases on land, developing the leases by drilling wells for oil or gas and selling the gas produced. They had several leases, well-drilling tools and machinery, some producing wells and an interest in a pipe line through which the gas was marketed. Some disagreement arose between them and Hatfield and son sued the Tuckers for an accounting and asked for the appointment of a receiver, for the sale of the partnership property and that the partnership business be closed up. A receiver was appointed and during the time he held that position collected $970.07 from the sale of gas from the partnership leases. Evidently all parties desired an early closing of the court procedure, and they stipulated:

"That all of the oil and gas leases and leasehold estates hereinafter described, wells, casing, tubing, gates, valves, regulators and all other materials,

appliances, and equipment thereon, and all other property and assets of every kind and character, belonging to said partnership described in the petition and answer of the plaintiffs, and of the defendants, respectively, be by the court ordered sold."

This stipulation was presented to the court and the court made a finding "that an order of this court should be made to carry out the terms and provisions of said stipulation and that a sale of all the property and assets of said partnership ought to be had as in said stipulation provided." And the court ordered:

"That all of the oil and gas leases and leasehold estates hereinafter described together with all wells, casing, tubing, gates, valves, regulators, and all other materials, equipment and appliances thereon and including the contingent interest in a certain pipe line—be and the same is hereby ordered to be sold by the sheriff  .  .  ."

At a time and place named after giving notice to the highest bidder for cash and free from liens, and the order specifically described the partnership leases. Thereafter, in compliance with the order of sale, the sheriff caused a notice to be published that he would sell:

"All of the property and assets of the partnership  .  .  .  consisting of certain oil and gas leases and leasehold estates  .  .  .  including the wells, casing, tubing, gates, valves, regulators, and all other materials, appliances, and equipment thereon and including the contingent interest of said partnership in and to a certain pipe line  .  .  ."

At the sale R. C. and Otto Tucker bought the property in gross for $7,900 and the sale was confirmed by the court. This money was paid into court and divided between plaintiffs and defendants. Defendants then moved the court to direct the receiver to turn over to them the $970.07 in his hands, contending that it was a part of the property and assets of the partnership bought by them at the sheriff's sale. The court held in effect that the money in the hands of the receiver had not been sold at the sheriff's sale and rendered judgment dividing it between the parties, and from this judgment the defendants have appealed.

There is no question here as to the rights of creditors nor of costs and expenses of the receiver. The only question presented is, Did the sale by the sheriff under the stipulation, order and notice above mentioned, include as a part of the property sold the money in the hands of the receiver?

In 30 Cyc. 744, the general rule governing the matter is thus stated:

"In an action for partnership dissolution and accounting, the entire property of the firm is to be converted into cash, . . . ; and such conversion is ordinarily made by a sale of the property. The sale should include as a rule the goodwill of the firm as well as its real estate. It should not be ordered, however, unless the partnership is actually dissolved, nor should it include property which does not belong to the firm, nor for the sale of which there is no necessity."

The purpose of the sale of the partnership property being to convert it into cash so that it could be divided between the parties on a dissolution of the partnership, there could be no purpose, of course, in selling the cash. While it is possible the court might have sold the cash together with the other property and assets, in view of the purposes of such a sale the court's order pertaining to the sale would not be construed as including a sale of cash in the hands of the receiver unless by the wording it is clear that such cash was to be included.

Examining the stipulation, order and notice of sale, it will be noted that the cash in the hands of the receiver is nowhere mentioned.

Appellants contend that the phrase "and all other property and assets of every kind and character" provided in the stipulation to be sold, is broad enough to and does include the money in the hands of the receiver. In view of the purposes of the sale, this language would not have the effect of including money in the hands of the receiver. If all of the assets and property had been in cash in the hands of the receiver there would have been no necessity or purpose of any sale and there could be no purpose, in any event, in selling that part of the assets which had already been converted into cash. Moreover, the stipulation provides for the sale "of all other property and assets of every kind and character belonging to said partnership *described in the petition and answer*" of the parties. The money in the hands of the receiver was not described in the petition or answer of the parties and, hence, the strict wording of the stipulation does not include it. The court which made this order of sale did not interpret it as including a sale of the money in the hands of the receiver and we see no reason why we should so interpret it.

The judgment of the court below is affirmed.